## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JASON ANDREW DUNN**                                                                           **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO.: 1:13-cv-490-MTP**

**RON KING AND HUBERT DAVIS**                                                       **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [34]. Having reviewed the submissions of the parties and the applicable law, the Court finds that the Motion [34] should be granted.

## FACTUAL BACKGROUND

On May 16, 2012, Plaintiff Jason Andrew Dunn, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. In his complaint and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges that Defendants exposed him to unconstitutional living conditions. Specifically, Plaintiff claims that while incarcerated in the Maximum Security Unit at the South Mississippi Correctional Institution ("SMCI") from November 13, 2011, to July 5, 2012, he was housed next to mentally ill inmates who screamed and threw feces and urine. Plaintiff also claims that he endured inadequate ventilation, extreme temperatures, sleep deprivation, improper lighting, noise, and unsanitary living conditions. Plaintiff alleges that he informed Defendants of the living conditions, but Defendants failed to take any action. *See* Omnibus Order [23].

Plaintiff claims occurred while he was a post-conviction inmate at SMCI, where he is

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

currently incarcerated. Plaintiff seeks costs for filing this action and an order from the Court requiring Defendants to remediate the living conditions in the Maximum Security Unit. On October 1, 2013, Defendants filed their Motion for Summary Judgment. Originally, Plaintiff did not respond to the Motion for Summary Judgment, but on May 5, 2014, after the Court directed Plaintiff to respond, Plaintiff filed his response to the Motion.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment must be rendered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322-23. The movant bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id*. at 323. The burden then shifts to the nonmoving party to go beyond the pleadings and designate, by affidavit, depositions, answers to interrogatories, or admissions on file, specific facts showing that there is a genuine issue for trial. *Id*. at 324.

At the summary judgment stage, the Court must consider the facts in the light most favorable to Plaintiff. *Scott v. Harris*, 550 U.S. 372, 378 (2007). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 Fed. App'x

666, 667 (5th Cir. 2012).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. § 1983). Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

The Eighth Amendment protects inmates from cruel and unusual punishment and "requires prison officials to provide 'humane conditions of confinement,' ensuring that 'inmates receive adequate food, clothing, shelter, and medical care . . . .'" *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 932 (1994)). In order to demonstrate that a prison official violated the Eighth Amendment, the plaintiff must establish that the official was deliberately indifferent to a substantial risk of serious harm. *Id.* Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

A prison official may not be held liable under this standard unless the plaintiff demonstrates that the official "knows of and disregards an excessive risk to inmate health or

safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838.

As previously mentioned, Plaintiff claims he endured being housed next to mentally ill inmates who screamed and threw feces and urine and endured inadequate ventilation, extreme temperatures, sleep deprivation, improper lighting, noise, and unsanitary living conditions. However, not all unpleasant conditions of confinement amount to cruel and unusual punishment. "To the extent such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." *Id*. at 349. Those conditions which are "inhuman and barbaric" and deny an inmate of "the minimal measure of life's necessities" violate the Eighth Amendment. *Palmer*, 193 F.3d at 352.

Defendants have come forward with evidence that Plaintiff has suffered nothing more than annoyance and discomfort. In their affidavits, Defendants Ron King and Hubert Davis explain that the Maximum Security Unit "is equipped with an overhead exhaust fan that pulls air through the cell windows as well as four (4) additional large floor fans in order to circulate even more air." (Motion [34] Exs. 1 & 2.) Additionally, Defendants state that "[i]f an inmate throws urine and/or feces Lockdown Unit support offenders are called and the areas are cleaned in a timely fashion." *Id*. Defendants also argue that Plaintiff's allegations do not demonstrate that Defendants took any actions designed to deprive Plaintiff of sleep or that the lighting in the prison deprived Plaintiff of one of life's necessities.

In response to Defendants' Motion for Summary Judgment, Plaintiff asserts that "any

decent human being could see that the living conditions are inhumane." (Memorandum [40].) This is a conclusory statement that cannot support a finding that Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment. *McClure*, 490 Fed. App'x at 667.  Plaintiff has failed to go beyond the pleadings and designate specific facts demonstrating that he was exposed to conditions which have resulted in substantial risk of serious harm to his health or safety.  Plaintiff has failed to demonstrate the Defendants were deliberately indifferent. Moreover, Plaintiff's unsupported allegations describe uncomfortable conditions of confinement, not the deprivation of a minimum measure of life's necessities. *See Johnson v. Texas Board fo Criminal Justice*, 281 Fed. App'x 319, 321 (5th Cir. 2008); see also *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

      To the extent Plaintiff asserts claims against Defendants in their official capacities, such claims also fail.  A suit against a public official in his official capacity is in effect a suit against the government entity he represents. *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987).  To establish liability, Plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  A "description of a policy or custom and its relationship to the underling constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997).  The Plaintiff has failed to come forward with specific facts regarding the policy or custom and its relationship to the underlying alleged constitutional violation.  Plaintiff simply makes conclusory, unsupported allegations regarding Defendants' actions.  Moreover, Plaintiff has failed to establish an underlying constitutional violation.  Accordingly, Defendants are entitled to judgment as a

matter of law in both their individual and official capacities.

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the Court finds that Plaintiff's claims are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, the Court finds that Defendants' Motion for Summary Judgement [34] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment [34] is GRANTED,

2. This action is dismissed with prejudice, and

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 12th day of June, 2014.

s/ Michael T. Parker
United States Magistrate Judge